OPINION
These appeals are taken by appellants John and Mary Moses from judgments of the Allen County Court of Common Pleas, Juvenile Division granting permanent custody of John and Dallas Moses to the Allen County Children Services Board (ACCSB).
John Henry Moses and Dallas Moses, twin boys, were born at St. Rita's hospital on August 31, 1995. Since the twins were born prematurely, they both experienced heart and lung complications requiring extended hospitalization. On October 20, 1995, ACCSB filed complaints alleging that the twins should be placed in its care because of appellants' substance abuse problems and Mary's mental instability. An emergency removal order was granted. The twins were released to foster care on October 30, 1995. On December 4, 1995, the twins were found to be dependent. ACCSB was granted temporary custody terminating on October 20, 1996, unless ACCSB filed for an extension by September 20, 1996.
On October 15, 1996, ACCSB filed for an extension of temporary custody. The extension of temporary custody was granted on December 16, 1996, after all parties, including appellants, agreed to the extension. On March 13, 1997, ACCSB moved for permanent custody of the twins after the parents failed to fully comply with the agreed upon case plan. The trial court held hearings on May 27, 1997, and June 16, 1997. On July 11, 1997, the trial court found the parents unwilling or unable to provide adequate permanent homes for the twins. The trial court further found that the twins could not be placed with appellants within a reasonable time and that the twins could be placed in adoptive homes. Therefore, the trial court granted permanent custody of John and Dallas to ACCSB.
Appellants allege the following assignment of error.
 The trial court erred in failing to observe the time requirements of R.C. 2151.415(A) by entering a dispositional judgment as to custody when ACCSB failed to file its motion for extension of temporary custody not later than thirty days prior to the date for termination of the custody order pursuant to R.C. 2151.353(F).
R.C. 2151.353 states in pertinent part:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
* * *
 (2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified family foster home or in any other home approved by the court.
* * *
 (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with [R.C. 2151.414(E)] that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with [R.C. 2151.414(D)] that the permanent commitment is in the best interest of the child.
* * *
 (E)(1) The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to [R.C. 2151.414 or R.C. 2151.415] until the child attains the age of eighteen . . . or the child is adopted and a final decree of adoption is issued. . . .
* * *
 (F) Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to [R.C. 2515.415], the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section.
R.C. 2151.415 states in pertinent part:
 (A) Any public children services agency or private child placing agency that has been given temporary custody of a child pursuant to [R.C. 2151.353], not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to [R.C. 2151.353(F)] or the date set at the dispositional hearing for the hearing to be held pursuant to this section, shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court:
* * *
 (6) In accordance with division (D) of this section, an order for the extension of temporary custody.
In this case, appellants claim that by failing to file for an extension by September 20, 1996, ACCSB could not request an extension and the trial court did not have the authority to make further dispositional judgments. Neither party disputes that ACCSB failed to timely file its motion for an extension of temporary custody of the twins. The motion to extend timely custody should have been filed by September 20, 1996. ACCSB filed its motion to extend on October 15, 1996. However, this failure to timely file the motion to extend does not divest the trial court of jurisdiction to enter dispositional orders. In re YoungChildren (1996), 76 Ohio St.3d 632, 669 N.E.2d 1140. The trial court retains jurisdiction over any child found to be dependent until the child attains the age of eighteen or is adopted. R.C.2151.353(E)(1). "Accordingly, we hold that the passing of the sunset date pursuant to R.C. 2151.353(F) does not divest juvenile courts of jurisdiction to enter dispositional orders." In reYoung, supra.
The statutes at issue are to be interpreted liberally so that they provide for the care, protection, and mental and physical development of children. R.C. 2151.01(A). Here, the problems that led to the original granting of temporary custody to ACCSB had not been resolved. Appellants had not completed parenting classes, received counseling for substance abuse, sustained a home for six months, quit smoking, obtained permanent employment or managed to refrain from illegal activities resulting in incarceration. Finally, appellants agreed to extend the temporary custody by six months. Although the sunset date had passed, appellants admitted to the court that the factors resulting in the removal of the twins had not been corrected and agreed that more time was needed to fulfill the case plan. Based upon the agreement between the parties and the additional evidence before it, the trial court could determine that the original problems were not corrected and that an extension of the temporary custody was required.
Appellants claim that not preventing the trial court from granting ACCSB permanent custody without a refiling of the complaint violates their right to due process. However, appellants admit that the trial court had continuing jurisdiction over the twins' cases to prevent their return to appellants. Appellants were offered an opportunity to cross-examine ACCSB's witnesses and to present evidence against the motion for permanent custody at two hearings. Therefore appellants' rights were protected. ACCSB had retained temporary custody of the twins for almost eighteen months, well over the six months required by R.C.2151.413. Under the provisions of R.C. 2151.353(A)(4), the trial court had the authority to commit the twins to the permanent custody of ACCSB since it found that the twins could not be placed with their parents within a reasonable time and that the parents were unwilling or unable to provide a suitable permanent home for the twins. In addition, the trial court found that the children were adoptable. Since the trial court satisfied all the requirements of the statute, appellants' assignment of error is overruled.
The judgments of the Allen County Court of Common Pleas, Juvenile Division, are affirmed.
Judgments affirmed.
 SHAW, P.J., and EVANS, J., concur.